BRAND & ADAMS *v.* R. A. WILKINSON and ROBERT JOHNSON, Sheriff.

Damages against Sheriff for failure to return *fi. fa.* within the legal delay.

The alleged insolvency of defendant in execution, will not excuse the Sheriff from calling on plaintiff to point out property, as required by C. P. 726, 727.

APPEAL from the District Court, Second District, parish of Plaquemines, *Rousseau,* J. *De Choiseul,* for plaintiffs. *Penrose,* for *Johnson,* appellant.

SPOFFORD, J. The plaintiffs obtained a judgment in the Second Judicial District Court, for the parish of Plaquemines, against the defendant, *Wilkinson,* for $805 66 and interest, with privilege on a certain plantation and on some personal property sequestered in the suit. This judgment was signed on the 9th of January, 1855.

On the 23d of January, 1855, a *fieri facias* issued upon this judgment, and was placed in the hands of the appellant, *Robert Johnson,* Sheriff of Plaquemines. He made the following return, which, it will be observed, has no definate date :

" Received, parish of Plaquemines, January 24, 1855, and on the 25th of the same month and year, proceeded to the service of the same. I hereby certify that *Robert A. Wilkinson,* the within named defendant, hath no goods or chattels, lands or tenements, to my knowledge, within the parish, by which I could cause to be made the debt and costs within specified, or any part thereof, as by the within writ commanded ; that I applied to the defendant, who pointed out no property, and this writ expiring, the same is returned into court. Parish of Plaquemines, 3d, 1855.

(Signed)        ROBERT JOHNSON, Sheriff."

On the 18th of June, 1855, the plaintiffs took a rule on the Sheriff to show cause why he should not pay the debt, on account of his default in failing to return the writ by the 2d of April, or within seventy days, according to the exigency thereof.

The defendant in the rule, has appealed from a judgment against him for the amount of the plaintiffs' judgment against *Wilkinson.*

This being a summary proceeding by motion under the 17th section of a statute of 1826, which has been reënacted in the Act of March 15, 1855, sec. 2, (p. 478,) entitled "an Act relative to Sheriff's sales and writs of *fieri facias,*" we are precluded from inquiring into any other matters suggested by the motion, except the alleged failure of the Sheriff to return the writ within the legal delay. All the other grounds might be considered in an ordinary action of damages, but cannot be heard upon this summary proceeding, which is a statutable remedy merely.

We consider it proved, that the Sheriff did not return the writ in time. The evidence is as positive as the nature of the case admits, and it is a singular circumstance that the Sheriff, in making his return, omitted to name the month, and has made no effort to supply it.

His default being established, the *onus* was on the Sheriff to show a legal excuse. We find none in the record. His return does not show that he called

35

BRAND
*v.*
WILKINSON.

upon the plaintiffs to point out property. The case is quite analogous to that of *Gasquet* v. *Robins*, 2 An. 410, where the Sheriff was held liable. There it was also held, that the alleged insolvency of the defendant, would not excuse the Sheriff from making the call upon the plaintiff to point out property as required by C. P. 726, 727. The object of the law is to enforce the observance of diligence by public officers. See, also, *Webb* v. *Kemp*, 2 An. 370; *Magee* v. *Robins*, 2 An. 411; *Day* v. *Boyce*, 3 An. 623; *Lynch* v. *Leckie*, 9 An. 508.

The case does not appear to be one in which the damages prayed for by the appellee should be allowed.

It is therefore ordered and decreed, that the judgment of the District Court be affirmed, with costs.